**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
John K. Sherwood, Esq. (JS 2453)
Scott Cargill, Esq. (SC 4827)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Remedial (Cyprus) Public Company Ltd., | Case No. 10-10782 (REG) |
| Debtor. | |

### DEBTOR'S APPLICATION FOR ORDER PURSUANT TO SECTIONS 327 AND 1107 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER PC AS COUNSEL TO THE DEBTOR

The above captioned debtor and debtor in possession (the "Debtor"), hereby submits this application (the "Application") for an order authorizing the employment and retention of Lowenstein Sandler PC ("Lowenstein Sandler") as counsel to the Debtor. In support of the Application, the Debtor represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Application is based upon sections 327 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## BACKGROUND

3. On February 17, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner or committee has been appointed in this chapter 11 case.

6. Information regarding the Debtor's business and the events leading to this chapter 11 filing is set forth in the Affidavit of Stuart Bannerman Pursuant to Local Bankruptcy Rule 1007-2 and In Support of the Debtor's Petition and First Day Motions, filed simultaneously herewith.

## RELIEF REQUESTED

7. By this Application, the Debtor seeks authorization to retain and employ Lowenstein Sandler as counsel in connection with the filing and prosecution of this chapter 11 case on behalf of the Debtor, effective as of the Petition Date.

8. The Debtor selected Lowenstein Sandler to serve as bankruptcy counsel because of its attorneys' experience in the fields of debtors' and creditors' rights, insolvency, debt restructuring and corporate reorganization and commercial law, as well as Lowenstein Sandler's participation in numerous other proceedings under chapter 11 of the Bankruptcy Code before this Court. Accordingly, the Debtor believes that Lowenstein Sandler is both well qualified and able to represent it in its chapter 11 case.

9. The professional services the Debtor anticipates Lowenstein Sandler will render include, but are not limited to:

    (a) providing the Debtor with advice and preparing all necessary documents regarding debt restructuring, bankruptcy and asset dispositions;

    (b) taking all necessary actions to protect and preserve the Debtor's estate during the pendency of this chapter 11 case, including the prosecution of actions by the Debtor, the defense of actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved and objecting to claims filed against the estate;

    (c) preparing on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of this chapter 11 case;

    (d) counseling the Debtor with regard to its rights and obligations as debtor-in-possession;

    (e) appearing in Court and to protect the interests of the Debtor before the Court; and

    (f) performing all other legal services for the Debtor which may be necessary and proper in this proceeding.

10. It is necessary for the Debtor to employ experienced counsel to provide the foregoing legal services.

11. Prior to the Petition Date, the Debtor paid Lowenstein Sandler a retainer totaling $249,970.00. Of this amount, $157,692.27 was applied prior to the Petition Date to prepetition fees and expenses. The balance of the retainer ($92,277.73) will be applied to Lowenstein Sandler's post-petition fees and expenses that are allowed by this Court.

12. It is contemplated that Lowenstein Sandler will be compensated for the services described herein at Lowenstein Sandler's ordinary billing rates and in accordance with its customary billing practices with respect to other charges and expenses. The current hourly billing rates of members, associates, law clerks, paralegals and legal assistants are set forth in the Certification of John K. Sherwood (the "<u>Sherwood Certification</u>"), submitted herewith in support of this Application. These hourly rates are subject to periodic adjustment to reflect economic

and other conditions.

13. Lowenstein Sandler understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any order entered by this Court.

14. The Debtor submits that the retention of Lowenstein Sandler under the terms described herein is appropriate under sections 327 and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee (or a debtor-in-possession under Bankruptcy Code §1107), with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent them or assist the [debtor-in-possession] in carrying out its duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor;

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

15. To the best of the Debtor's knowledge, the members, counsel, and associates of Lowenstein Sandler do not have any connection with the Debtor, its creditors, or any other party-in-interest, or its respective attorneys, except to the extent set forth in the Sherwood Certification. Accordingly, the Debtor believes that Lowenstein Sandler is "disinterested" and does not hold or represent an interest adverse to the Debtor's estate.

16. The Debtor may require Lowenstein Sandler to render extensive legal services, the nature and cost of which cannot be estimated at this juncture. Accordingly, it is necessary and essential for the Debtor, as debtor-in-possession, to employ attorneys under a general retainer to render the services described in this Application.

17. Subject to this Court's approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court, the Debtor requests that Lowenstein Sandler be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Lowenstein Sandler, as more fully set forth in the Sherwood Certification.

## NOTICE

18. No trustee, examiner or, creditors' committee has been appointed in this Chapter 11 case. Notice of this Application has been given to (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of New York; (iv) the Internal Revenue Service; (v) the Debtor's consolidated twenty (20) largest unsecured creditors; (vi) Norsk Tillitsmann ASA, trustee for the Debtor's secured bondholders; and (vii) the Debtor's Financial Institutions.[1] The Debtor respectfully submits that such notice is sufficient, and request that this Court find that no further notice of the relief requested herein is required.

## NO PRIOR REQUEST

19. No prior motion or application for the relief requested herein has been made to this or any other court.

## WAIVER OF BRIEF

20. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtor respectfully requests that the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Rules be deemed satisfied.

---

[1] A list of the Debtors' Financial Institutions is attached as Exhibit A to the Debtors' Cash Management Motion filed simultaneously herewith.

## CONCLUSION

The Debtor respectfully requests that the Court enter an Order authorizing the Debtor to retain and employ the firm of Lowenstein Sandler PC, effective as of the Petition Date, to represent the Debtor in this chapter 11 case, and for such other and further relief as the Court deems necessary and just.

Dated: February 18, 2010

        **Remedial (Cyprus) Public Company Ltd.,**
        *Debtor and Debtor in Possession*

        By: /s/ *Stuart Bannerman*
        Name: Stuart Bannerman
        Title: Chief Financial Officer