# EXHIBIT A

# BIDDING PROCEDURES ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Remedial (Cyprus) Public Company Ltd., | Case No. 10-10782 (REG) |
| Debtor. | |

**ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 2002, 6004, 6006 AND 9014 (I) APPROVING BIDDING PROCEDURES; (II) SCHEDULING AUCTION AND SALE HEARING; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Seller**") for entry of orders under 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) authorizing the Debtor to sell substantially all of its assets to a stalking horse bidder subject to higher and better offers, (b) approving bidding procedures (c) scheduling auction and sale hearing, and (d) for related relief; and the Court having reviewed the Motion; and the Court having considered the arguments of counsel at the hearing held on March ___, 2010 (the "**Hearing**"); and upon the record of the Hearing; and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[2]

A. The Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C. The notice given by the Debtor of the Motion and the Hearing constitutes due and sufficient notice thereof.

D. The Debtor has articulated good and sufficient reasons for approving (i)

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

the Bidding Procedures, (ii) the granting of certain bid protections as provided in the Motion and the APA, (iii) the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Assumed Contracts, (iv) the form of notice of the Sale Hearing to be distributed to creditors and other parties in interest, including prospective bidders, (v) the form of notice of the Assignment Notice to be filed with the Court and served on parties to each Assumed Contract, and (vi) the scheduling of the Sale Hearing.

E. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Assets.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth in this Order, are hereby approved and shall govern all proceedings relating to the APA and any other bids for the Assets.

2. The Sale Hearing shall be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge on **April __, 2010 at __:__ _.m.** (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 621, New York, New York 10004, at which time the Court shall consider the Motion, the Successful Bidder, and confirm the results of the Auction, if any.

3. Objections to the Sale of the Assets shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on **April __, 2010** (the "**Objection Deadline**") in accordance with the Bidding Procedures.

4. The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or the Debtor's consummation and performance of the APA (including the transfer of the Assets and Assumed Contracts free and clear of all Claims and Interests), if authorized by the Court.

5. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open

court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

6. Notice of (a) the Motion, (b) the Sale Hearing, and (c) the proposed assumption and assignment of the Assumed Contracts to the Stalking Horse Bidder pursuant to the APA or to a Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a) <u>Notice of Sale Hearing</u>. Within five (5) days after entry of this Order (the "**Mailing Date**"), the Debtor shall serve this Order and the Notice of Sale of Assets at Auction (the "**Sale Notice**"), substantially in the form annexed hereto as Exhibit 2, and copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all of the Debtor's known creditors, (ii) all entities known to have expressed a *bona fide* interest in acquiring the Assets, (iii) any party known to have or to assert a lien on any of the Assets, (iv) the Securities and Exchange Commission, (v) the Office of the United States Trustee, (vi) counsel for the Creditors' Committee (if any is appointed) (vii) all federal, state and local regulatory authorities with jurisdiction over the Debtor, (viii) the office of the United States Attorney for the Southern District of New York, (ix) all non-debtor parties to the Assumed Contracts, (x) all parties who entered a notice of appearance and request for service of pleadings pursuant to Fed. R. Bankr. P. 2002, and (xi) any parties identified by the Debtor as having an interest in bidding on the Assets.

(b) <u>Assignment Notice</u>. On or before the Mailing Date, the Debtor shall file with the Court and serve on each nondebtor party to an Assumed Contract an assignment notice (the "**Assignment Notice**"), substantially in the form annexed hereto as <u>Exhibit 2</u>, (i) identifying the executory contracts and/or unexpired leases to be assumed as part of the Sale; and (ii) a calculation of the undisputed cure amounts that the Debtor believes must be paid to cure all prepetition defaults (the "**Prepetition Cure Amount**"). A nondebtor party to the Assumed Contracts shall have until 4:00 p.m. (prevailing Eastern Time) three (3) days prior to the Sale Hearing to object to the Assignment Notice (a "**Assignment Objection**"). Any Assignment Objection must, if an objection to the Prepetition Cure Amount, state with specificity what Prepetition Cure Amount is required (with appropriate documentation in support thereof). If no

Assignment Objection is timely received, the Prepetition Cure Amount set forth in the Assignment Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the nondebtor party to the Assumed Contract shall be forever barred from asserting any other claims against the Debtor, the Stalking Horse Bidder, or the Successful Bidder (as appropriate), or the property of either of them, as to such Assumed Contract. The inclusion of any Assumed Contract in the Assignment Notice shall not constitute an assumption by the Debtor of any such Assumed Contract, nor shall it constitute an admission or a waiver with respect to the Debtor's right to assume or reject any such Assumed Contract.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8. Except as otherwise specifically set forth in this Order, the rights of all parties-in-interest are hereby preserved in all respects.

9. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: March __, 2010
      New York, New York

                                                               _____
                                                               Honorable Robert E. Gerber
                                                               United States Bankruptcy Judge