# EXHIBIT C

# BIDDING PROCEDURES

# BIDDING PROCEDURES[3]

Remedial (Cyprus) Public Company Ltd. (the "**Debtor**") has entered into an Asset Purchase Agreement dated March ___, 2010 (the "**APA**") with a nominee of the Debtor's secured bondholders (the "**Stalking Horse Bidder**"), pursuant to which the Debtor contemplates the sale (the "**Sale**") of substantially all assets related to the Debtor's business (the "**Assets**") and the assumption by the Stalking Horse Bidder of certain liabilities of the Debtor (the "**Assumed Liabilities**"), free and clear of all liens, claims, encumbrances and interests, except as otherwise provided for in the APA, pursuant to sections 363 and 365 of the Bankruptcy Code. As consideration for the transaction, the Stalking Horse Bidder will credit-bid $120 million, including the entirety of its postpetition claim under its debtor-in-possession credit agreement, for the purchase of the Assets plus the cost to cure any executory contracts to be assumed by the Debtor and assigned to the Stalking Horse Bidder (the "**Purchase Price**"). The proposed transaction is subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). As contemplated by the APA and as set forth in that certain order dated March __, 2010, Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (I) Approving Bidding Procedures; (II) Scheduling Auction And Sale Hearing; And (III) Granting Related Relief (the "**Bidding Procedures Order**"), the following Bidding Procedures shall be the exclusive mechanism governing the Sale.

## "As Is, Where Is"

The Sale of the Assets will be on an "as is, where is" basis and without surviving representations or warranties of any kind, nature, or description by the Debtor, or its estate, except, to the extent set forth in the APA or Modified APA (defined below), as applicable, and the schedules thereto, with respect to the Successful Bidder (defined below), approved by the Bankruptcy Court.

## Free of Any and All Claims and Interests

All of the Debtor's right, title, and interest in and to the Assets, or any portion thereof, to be acquired will be sold free and clear of all pledges, liens, security interests, encumbrances, claims charges, options, and interests including, but not limited to any recoupment, offset, defenses, debts and obligations thereon and there against (collectively, the "**Claims and Interests**"), such Claims and Interests to attach to the net proceeds (if any) of the sale of such Assets, except to the extent otherwise set forth in the APA or Modified APA (defined below), as applicable.

## I.     DETERMINATION OF "QUALIFYING BIDDER" STATUS

Any potential bidder, other than the Stalking Horse Bidder, that wishes to participate in the Auction (defined below) and bid on the Assets (a "**Potential Bidder**") must demonstrate to the satisfaction of the Debtor that such Potential Bidder is a "**Qualifying Bidder**". A Qualifying Bidder is a Potential Bidder that delivers to the Debtor a written and binding offer on or before the Bidding Deadline (defined below) that:

(a)     is a bid for the Assets in their entirety for a cash price greater than the sum of (i) the Purchase Price, (ii) any cure amounts due for any executory

---
[3] Terms capitalized but not defined herein shall have the meaning ascribed to them in the Bidding Procedures Order.

contract or lease to be assumed, and (ii) the "**Minimum Initial Overbid Amount**," which shall be $1 million, <u>provided</u>, that any increase in a credit bid by the Stalking Horse Bidder, as a secured lender, need not be in cash;

(b) states that the Potential Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Assets (including the Assumed Contracts) on terms and conditions no less favorable to the Debtor than the terms and conditions contained in the APA (as determined by the Debtor in its reasonable business judgment), including, without limitation, the purchase of the Assets (including the Assumed Contracts) and the assumption of the Assumed Liabilities (including any cure amounts due under any Assumed Contract) and is accompanied by a clean and duly executed asset purchase agreement (the "**Modified APA**") and a marked Modified APA reflecting the variations from the APA;

(c) states that the Potential Bidder's offer is irrevocable (i) until the closing of the purchase of the Assets if such bidder is the Successful Bidder, and (ii) until forty-eight (48) hours after the closing of the Sale if such bidder is the Back-Up Bidder (defined below);

(d) does not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement or similar type of payment;

(e) fully identifies the Potential Bidder and any provider of financing for the Potential Bidder's bid, as well as their representatives who are authorized to act on their behalf regarding the contemplated transaction; if the Potential Bidder is a newly formed acquisition vehicle, the bid must include evidence (in the form of binding commitment letters, current financial statements, guarantees or otherwise) that the Potential Bidder and/or any provider of financing for the Potential Bidder's bid, is able to fulfill all other obligations in connection with the contemplated transaction including, but not limited to, paying liquidated damages, if any;

(f) except for an increase, if any, in a credit bid submitted by the Stalking Horse Bidder, each bid from a Potential Bidder is accompanied by a deposit in the amount of 10% of the value of its bid (each such deposit, a "**Good Faith Deposit**");

(g) demonstrates to the reasonable satisfaction of the Debtor, in consultation with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") (if any is appointed), that such Potential Bidder has the financial ability to fund and consummate the acquisition of the Assets and Assumed Liabilities (including assumption of any executory contracts or leases) by the closing, and the bid shall include such financial and other information that will allow the Debtor, in consultation with the Creditors'

> Committee (if any is appointed), to make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate the transaction contemplated by the Modified APA, including assumption of any executory contracts or leases;
>
> (h) shall not be conditioned on or subject to obtaining financing, shareholder approval or the outcome of due diligence, including environmental due diligence, by the Potential Bidder;
>
> (i) includes evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the Modified APA; and
>
> (j) states that the Potential Bidder has not engaged (and agrees not to engage) in any collusion with respect to any bids for, or auction or sale of, the Assets.

A competing bid meeting the above requirements shall constitute a "**Qualifying Bid**". The Debtor shall make a determination, after consultation with the Creditors' Committee (if any is appointed), regarding whether a bid is a Qualifying Bid and shall notify Potential Bidders whether their bids have been determined to be qualified by no later than **April __, 2010, at 4:00 p.m. (ET)**. The Stalking Horse Bidder shall be deemed a Qualifying Bidder and the APA constitutes a Qualifying Bid for all purposes.

**Bidding Deadline. All Qualifying Bids must be submitted by no later than April _____, 2010, at 4:00 p.m. (ET) (the "Bidding Deadline").** Prior to the Bidding Deadline, Qualifying Bidders shall deliver written copies of their bids to: (a) Debtor's counsel, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Kenneth A. Rosen, Esq., John K. Sherwood, Esq. and Scott Cargill, Esq.; (b) counsel to the Creditors' Committee (if any is appointed); (c) counsel to Norsk Tillitsmann ASA (on behalf of the Bondholders), Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022, Attn.: Steven Wilamowsky, Esq., and Erin K. Mautner, Esq.; and (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Attn: Paul Schwartzberg, Esq.

**No Qualifying Bids.** If no timely conforming Qualifying Bids are submitted by the Bidding Deadline, the Debtor shall not hold an Auction and, instead, the Stalking Horse Bidder shall be the Successful Bidder and the Debtor shall request at the Sale Hearing that the Bankruptcy Court approve the APA with the Stalking Horse Bidder.

**ANY POTENTIAL BIDDER THAT DOES NOT SUBMIT A QUALIFYING BID BY THE BIDDING DEADLINE WILL NOT BE ALLOWED TO (1) PARTICIPATE IN THE AUCTION UNDER ANY CIRCUMSTANCES OR (2) SUBMIT ANY OFFER AFTER THE BIDDING DEADLINE EITHER BEFORE, DURING OR AFTER THE AUCTION.**

## II. THE AUCTION

In the event that the Debtor receives by the Bidding Deadline one or more bids, other than the Stalking Horse Bid, that it deems in its discretion, in consultation with the Creditors' Committee (if any is appointed), to constitute Qualifying Bids, the Debtor shall conduct an auction with respect to the Assets (the "**Auction**"). **The Auction shall take place on April \_\_\_, 2010, at \_\_:\_\_ \_.m. (ET)** at the offices of Lowenstein Sandler PC, 1251 Avenue of the Americas, New York, NY 10020, or such other place and time as the Debtor shall notify all Qualifying Bidders, the Creditors' Committee (if any is appointed), Norsk Tillitsmann ASA and other invitees by mail, e-mail or fax. The Auction shall be governed by the following procedures:

(a) The only parties eligible to participate in the Auction shall be Qualifying Bidders who have submitted a Qualifying Bid to the Debtor prior to the Bidding Deadline that was not rejected by the Debtor prior to the Auction;

(b) Only the Stalking Horse Bidder and Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

(c) Bidding shall commence at the amount of the highest and best Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

(d) The Stalking Horse Bidder and the Qualifying Bidders shall participate in person at the Auction, or through a duly authorized representative;

(e) The Auction may include individual negotiations with the Qualifying Bidders and/or open bidding in the presence of all other Qualifying Bidders;

(f) The bidding at the Auction shall start at the purchase price stated in the Qualifying Bid that the Debtor, in consultation with the Creditors' Committee (if any is appointed), believes constitutes the highest and best offer, and continue, in one or more rounds of bidding, so long as during each round at least one Overbid (defined below) is submitted. All Overbids shall be made and received on an open basis, such that all material terms of each Overbid will be fully disclosed to all other Qualifying Bidders;

(g) An "**Overbid**" is any bid made at the Auction and at least $1 million greater than the immediately preceding bid, and that otherwise complies with the terms and conditions for a Qualifying Bid as set forth herein;

(h) The Auction shall continue until there is only one offer that the Debtor determines, after consultation with the Creditors' Committee (if any is appointed) and subject to Bankruptcy Court approval, is the highest and best offer submitted at the Auction from among the Qualifying Bidders and the Stalking Horse Bidder (the "**Successful Bid**"). The bidder submitting such Successful Bid shall become the "**Successful Bidder**," and shall have such rights and responsibilities of the Stalking Horse Bidder, as set forth in

the applicable Modified APA. Within ten days after adjournment of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of Auction shall not be considered by the Bankruptcy Court.

The Debtor reserves the right, as it may determine to be in the best interests of its estate, in consultation with the Creditors' Committee (if any is appointed), to: (a) determine which bidders are Qualifying Bidders, except that the Stalking Horse Bidder (or any other designee of Norsk Tillitsmann ASA) is deemed a Qualifying Bidder for all purposes; (b) determine which bids are Qualifying Bids, except that the APA is deemed a Qualifying Bid for all purposes; (c) determine which Qualifying Bid is the highest and best proposal and which is the next highest and best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures Order or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) extend the deadlines set forth herein; (f) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (g) modify the Bidding Procedures as it may determine to be in the best interests of its estate or to withdraw the Motion at any time with or without prejudice. For example, the Debtor reserves the right to conduct the Auction by sealed bids.

## III. THE SALE HEARING

The Successful Bid (or the Stalking Horse Bid, if no Qualifying Bid other than that of the Stalking Horse Bidder is received and accepted) will be subject to approval by the Bankruptcy Court. The hearing to approve the sale of the Assets to the Successful Bidder (the "**Sale Hearing**") will take place on **April __, 2010, at __:__ _.m. (ET)**, or at such time thereafter as counsel may be heard, in the United States Bankruptcy Court for the Southern District of New York. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

## IV. ACCEPTANCE OF SUCCESSFUL BID

If an Auction is conducted, the Stalking Horse Bidder or the Qualifying Bidder with the next highest and best Qualifying Bid at the Auction, as determined by the Debtor in the exercise of its business judgment and in consultation with the Creditors' Committee (if any is appointed), shall be required to serve as a Back-Up Bidder (the "**Back-Up Bidder**") and keep such bid open and irrevocable until forty-eight (48) hours after the closing of the Sale with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtor will be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Bankruptcy Court.