UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Remedial (Cyprus) Public Company Ltd.,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-10782 (REG) |

**ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 2002, 6004, 6006 AND 9014 (I) APPROVING BIDDING PROCEDURES; (II) SCHEDULING AUCTION AND SALE HEARING; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Seller**") for entry of orders under 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) authorizing the Debtor to sell substantially all of its assets to a stalking horse bidder subject to higher and better offers, (b) approving bidding procedures (c) scheduling auction and sale hearing, and (d) for related relief; and the Court having reviewed the Motion; and the Court having considered the arguments of counsel at the hearing held on March 10, 2010 (the "**Hearing**"); and upon the record of the Hearing; and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[2]

A.  The Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C.  The notice given by the Debtor of the Motion and the Hearing constitutes due and sufficient notice thereof.

D.  The Debtor has articulated good and sufficient reasons for approving (i)

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

the Bidding Procedures, (ii) the granting of certain bid protections as provided in the Motion and the APA, (iii) the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Assumed Contracts, (iv) the form of notice of the Sale Hearing to be distributed to creditors and other parties in interest, including prospective bidders, (v) the form of notice of the Assignment Notice to be filed with the Court and served on parties to each Assumed Contract, and (vi) the scheduling of the Sale Hearing.

E. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Assets.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Bidding Procedures, as set forth on Exhibit 1 attached hereto and incorporated herein by reference as if fully set forth in this Order, are hereby approved and shall govern all proceedings relating to the APA and any other bids for the Assets.

2. The Sale Hearing shall be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge on **April 22, 2010 at 9:45 a.m.** (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 621, New York, New York 10004, at which time the Court shall consider the Motion, the Successful Bidder, and confirm the results of the Auction, if any.

3. Objections to the Sale of the Assets shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on **April 15**, **2010** (the "**Objection Deadline**") in accordance with the Bidding Procedures.

4. The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or the Debtor's consummation and performance of the APA (including the transfer of the Assets and Assumed Contracts free and clear of all Claims and Interests), if authorized by the Court.

5. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open

court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

6. Notice of (a) the Motion, (b) the Sale Hearing, and (c) the proposed assumption and assignment of the Assumed Contracts to the Stalking Horse Bidder pursuant to the APA or to a Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a) <u>Notice of Sale Hearing</u>. Within five (5) days after entry of this Order (the "**Mailing Date**"), the Debtor shall serve this Order and the Notice of Sale of Assets at Auction (the "**Sale Notice**"), substantially in the form annexed hereto as <u>Exhibit 2</u>, and copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all of the Debtor's known creditors, (ii) all entities known to have expressed a *bona fide* interest in acquiring the Assets, (iii) any party known to have or to assert a lien on any of the Assets, (iv) the Securities and Exchange Commission, (v) the Office of the United States Trustee, (vi) counsel for the Creditors' Committee (if any is appointed) (vii) all federal, state and local regulatory authorities with jurisdiction over the Debtor, (viii) the office of the United States Attorney for the Southern District of New York, (ix) all non-debtor parties to the Assumed Contracts, (x) all parties who entered a notice of appearance and request for service of pleadings pursuant to Fed. R. Bankr. P. 2002, and (xi) any parties identified by the Debtor as having an interest in bidding on the Assets.

(b) <u>Assignment Notice</u>. On or before the Mailing Date, the Debtor shall file with the Court and serve on each nondebtor party to an Assumed Contract an assignment notice (the "**Assignment Notice**"), substantially in the form annexed hereto as <u>Exhibit 3</u>, (i) identifying the executory contracts and/or unexpired leases to be assumed as part of the Sale; and (ii) a calculation of the undisputed cure amounts that the Debtor believes must be paid to cure all prepetition defaults (the "**Prepetition Cure Amount**"). A nondebtor party to the Assumed Contracts shall have until 4:00 p.m. (prevailing Eastern Time) three (3) days prior to the Sale Hearing to object to the Assignment Notice (an "**Assignment Objection**"). Any Assignment Objection must, if an objection to the Prepetition Cure Amount, state with specificity what Prepetition Cure Amount is required (with appropriate documentation in support thereof). If no

Assignment Objection is timely received, the Prepetition Cure Amount set forth in the Assignment Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the nondebtor party to the Assumed Contract shall be forever barred from asserting any other claims against the Debtor, the Stalking Horse Bidder, or the Successful Bidder (as appropriate), or the property of either of them, as to such Assumed Contract. The inclusion of any Assumed Contract in the Assignment Notice shall not constitute an assumption by the Debtor of any such Assumed Contract, nor shall it constitute an admission or a waiver with respect to the Debtor's right to assume or reject any such Assumed Contract.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8. Except as otherwise specifically set forth in this Order, the rights of all parties-in-interest are hereby preserved in all respects.

9. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: March *15*, 2010
       New York, New York

                                        *S/ Robert E. Gerber*
                                        HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# BIDDING PROCEDURES

# BIDDING PROCEDURES[3]

Remedial (Cyprus) Public Company Ltd. (the "**Debtor**") has entered into an Asset Purchase Agreement dated _____ ___, 2010 (the "**APA**") with a nominee of the Debtor's secured bondholders (the "**Stalking Horse Bidder**"), pursuant to which the Debtor contemplates the sale (the "**Sale**") of substantially all assets related to the Debtor's business (the "**Assets**") and the assumption by the Stalking Horse Bidder of certain liabilities of the Debtor (the "**Assumed Liabilities**"), free and clear of all liens, claims, encumbrances and interests, except as otherwise provided for in the APA, pursuant to sections 363 and 365 of the Bankruptcy Code. As consideration for the transaction, the Stalking Horse Bidder will credit-bid $120 million, including the entirety of its postpetition claim under its debtor-in-possession credit agreement, for the purchase of the Assets plus the cost to cure any executory contracts to be assumed by the Debtor and assigned to the Stalking Horse Bidder (the "**Purchase Price**"). The proposed transaction is subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). As contemplated by the APA and as set forth in that certain order dated March __, 2010, Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (I) Approving Bidding Procedures; (II) Scheduling Auction And Sale Hearing; And (III) Granting Related Relief (the "**Bidding Procedures Order**"), the following Bidding Procedures shall be the exclusive mechanism governing the Sale.

## "As Is, Where Is"

The Sale of the Assets will be on an "as is, where is" basis and without surviving representations or warranties of any kind, nature, or description by the Debtor, or its estate, except, to the extent set forth in the APA or Modified APA (defined below), as applicable, and the schedules thereto, with respect to the Successful Bidder (defined below), approved by the Bankruptcy Court.

## Free of Any and All Claims and Interests

All of the Debtor's right, title, and interest in and to the Assets, or any portion thereof, to be acquired will be sold free and clear of all pledges, liens, security interests, encumbrances, claims charges, options, and interests including, but not limited to any recoupment, offset, defenses, debts and obligations thereon and there against (collectively, the "**Claims and Interests**"), such Claims and Interests to attach to the net proceeds (if any) of the sale of such Assets, except to the extent otherwise set forth in the APA or Modified APA (defined below), as applicable.

## I.  DETERMINATION OF "QUALIFYING BIDDER" STATUS

Any potential bidder, other than the Stalking Horse Bidder, that wishes to participate in the Auction (defined below) and bid on the Assets in their entirety, or any portion thereof (a "**Potential Bidder**") must demonstrate to the satisfaction of the Debtor that such Potential Bidder is a "**Qualifying Bidder**". A Qualifying Bidder is a Potential Bidder that delivers to the Debtor a written and binding offer on or before the Bidding Deadline (defined below) that:

---

[3] Terms capitalized but not defined herein shall have the meaning ascribed to them in the Bidding Procedures Order.

(a) is a bid for the Assets in their entirety for a cash price greater than the sum of (a) the Purchase Price, (b) any cure amounts due for any executory contract or lease to be assumed, and (c) the "**Minimum Initial Overbid Amount**," which shall be $1 million, provided, that any increase in a credit bid by the Stalking Horse Bidder, as a secured lender, need not be in cash.

(b) states that the Potential Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Assets (including the Assumed Contracts) on terms and conditions no less favorable to the Debtor than the terms and conditions contained in the APA (as determined by the Debtor in its reasonable business judgment, but subject to the Right of Inspection (as defined below)), including, without limitation, the purchase of the Assets (including any Assumed Contracts) and the assumption of any Assumed Liabilities (including any cure amounts due under any Assumed Contract) and is accompanied by a clean and duly executed asset purchase agreement (the "**Modified APA**") and a marked Modified APA reflecting the variations from the APA;

(c) states that, subject to the Right of Inspection, the Potential Bidder's offer is irrevocable (i) until the closing of the purchase of the Assets, if such bidder is the Successful Bidder, and (ii) until forty-eight (48) hours after the closing of the Sale if such bidder is the Back-Up Bidder (defined below);

(d) does not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement or similar type of payment;

(e) fully identifies the Potential Bidder and any provider of financing for the Potential Bidder's bid, as well as their representatives who are authorized to act on their behalf regarding the contemplated transaction; if the Potential Bidder is a newly formed acquisition vehicle, the bid must include evidence (in the form of binding commitment letters, current financial statements, guarantees or otherwise) that the Potential Bidder and/or any provider of financing for the Potential Bidder's bid, is able to fulfill all other obligations in connection with the contemplated transaction including, but not limited to, paying liquidated damages, if any;

(f) except for an increase, if any, in a credit bid submitted by the Stalking Horse Bidder, each bid from a Potential Bidder is accompanied by a deposit in the amount of 10% of the value of its bid (each such deposit, a "**Good Faith Deposit**");

(g) demonstrates to the reasonable satisfaction of the Debtor, in consultation with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") (if any is appointed), that such Potential Bidder has the financial ability to fund and consummate the acquisition of the Assets, and

Assumed Liabilities (including assumption of any executory contracts or leases) by the closing, and the bid shall include such financial and other information that will allow the Debtor, in consultation with the Creditors' Committee (if any is appointed), to make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate the transaction contemplated by the Modified APA, including assumption of any executory contracts or leases;

(h) shall not be conditioned on or subject to obtaining financing, shareholder approval or the outcome of due diligence, including environmental due diligence, by the Potential Bidder; provided, however, that, notwithstanding the foregoing, the Modified APA of a Potential Bidder may contain the following closing condition:

"In the event that the Buyer is the 'Successful Bidder' or the 'Back-Up Bidder' in the Seller's auction (the "**Auction**") with respect to the Purchased Assets (all as described in the Bidding Procedures), then, for a period of ten calendar days following the conclusion of the Auction (such ten calendar day period, the "**Inspection Period**"), the Buyer, either directly or through its designated representatives, shall have had the right (the "**Right of Inspection**") to confirm by physical inspection at the shipyards of Cosco and Yantai in China that the elevating support vessels (together, the "**ESVs**," and each, an "**ESV**") under construction at such shipyards have been, and/or are being, constructed in material compliance with the specifications contained in the Cosco Contract and the Yantai Contract (as applicable), and the Buyer shall not have notified the Seller in writing during the Inspection Period that, based on the Buyer's (or its designated representatives') physical inspection of the ESVs at the shipyards of Cosco and Yantai in China, in the Buyer's reasonable, good faith determination, either ESV has not been, and/or is not being, constructed in material compliance with such ESV's applicable specifications.

For the avoidance of doubt: (i) any such written notice delivered by the Buyer to the Seller during the Inspection Period shall specify in reasonable detail the manner in which, in the Buyer's reasonable, good faith determination, either ESV has not been, and/or is not being, constructed in material compliance with such ESV's applicable specifications; and (ii) the foregoing condition to Closing shall be deemed to have been waived by the Buyer to the extent that neither the Buyer nor its designated representatives physically inspect the ESVs at the shipyards of Cosco and Yantai in China during the Inspection Period."

(i) includes evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the Modified APA; and

(j) states that the Potential Bidder has not engaged (and agrees not to engage) in any collusion with respect to any bids for, or auction or sale of, the Assets, or any portion thereof.

Notwithstanding the foregoing, although the Debtor encourages parties to bid for the entirety (or substantially all) of the Assets, the Debtor will consider bids for less than the entirety of the Assets and may accept, in lieu of a single successful bidder, an aggregation of bids for various components of the Assets that, together, produce the highest and best recovery for the Debtor's estate. Parties wishing to bid on only a portion of the Assets must comply with all of the requirements set forth above, provided, however, that a Potential Bidder need not comply with those foregoing provisions which are only relevant to a bid on all or substantially all of the Assets.

A competing bid meeting the above requirements shall constitute a "**Qualifying Bid**". The Debtor shall make a determination, after consultation with the Creditors' Committee (if any is appointed), regarding whether a bid is a Qualifying Bid and shall notify Potential Bidders whether their bids have been determined to be qualified by no later than **April 10, 2010, at 9:00 p.m. (ET)**. The Stalking Horse Bidder shall be deemed a Qualifying Bidder and the APA constitutes a Qualifying Bid for all purposes.

**Bidding Deadline. All Qualifying Bids must be submitted by no later than April 9, 2010, at 4:00 p.m. (ET) (the "Bidding Deadline").** Prior to the Bidding Deadline, Qualifying Bidders shall deliver written copies of their bids to: (a) Debtor's counsel, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Kenneth A. Rosen, Esq., John K. Sherwood, Esq. and Scott Cargill, Esq.; (b) counsel to the Creditors' Committee (if any is appointed); (c) counsel to Norsk Tillitsmann ASA (on behalf of the Bondholders), Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022, Attn.: Steven Wilamowsky, Esq., and Erin K. Mautner, Esq.; and (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Attn: Paul Schwartzberg, Esq.

**No Qualifying Bids.** If no timely conforming Qualifying Bids are submitted by the Bidding Deadline, the Debtor shall not hold an Auction and, instead, the Stalking Horse Bidder shall be the Successful Bidder and the Debtor shall request at the Sale Hearing that the Bankruptcy Court approve the APA with the Stalking Horse Bidder.

**ANY POTENTIAL BIDDER THAT DOES NOT SUBMIT A QUALIFYING BID BY THE BIDDING DEADLINE WILL NOT BE ALLOWED TO (1) PARTICIPATE IN THE AUCTION UNDER ANY CIRCUMSTANCES OR (2) SUBMIT ANY OFFER AFTER THE BIDDING DEADLINE EITHER BEFORE, DURING OR AFTER THE AUCTION.**

II. **THE AUCTION**

In the event that the Debtor receives by the Bidding Deadline one or more bids, other than the Stalking Horse Bid, that it deems in its discretion, in consultation with the Creditors' Committee (if any is appointed), to constitute Qualifying Bids, the Debtor shall conduct an auction with respect to the Assets (the "**Auction**"). **The Auction shall take place on April 12, 2010, at**

**12:00 p.m. (ET)** at the offices of Lowenstein Sandler PC, 1251 Avenue of the Americas, New York, NY 10020, or such other place and time as the Debtor shall notify all Qualifying Bidders, the Creditors' Committee (if any is appointed), Norsk Tillitsmann ASA and other invitees by mail, e-mail or fax. The Auction shall be governed by the following procedures:

- (a) The only parties eligible to participate in the Auction shall be Qualifying Bidders who have submitted a Qualifying Bid to the Debtor prior to the Bidding Deadline that was not rejected by the Debtor prior to the Auction;

- (b) Only the Stalking Horse Bidder and Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

- (c) Bidding shall commence at the amount of the highest and best Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

- (d) The Stalking Horse Bidder and the Qualifying Bidders shall participate in person at the Auction, or through a duly authorized representative;

- (e) The Auction may include individual negotiations with the Qualifying Bidders and/or open bidding in the presence of all other Qualifying Bidders;

- (f) The bidding at the Auction shall start at the purchase price stated in the Qualifying Bid that the Debtor, in consultation with the Creditors' Committee (if any is appointed), believes constitutes the highest and best offer, and continue, in one or more rounds of bidding, so long as during each round at least one Overbid (defined below) is submitted. All Overbids shall be made and received on an open basis, such that all material terms of each Overbid will be fully disclosed to all other Qualifying Bidders;

- (g) An "**Overbid**" is any bid made at the Auction and at least $1 million greater than the immediately preceding bid, and that otherwise complies with the terms and conditions for a Qualifying Bid as set forth herein;

- (h) The Auction shall continue until there is only one offer that the Debtor determines, after consultation with the Creditors' Committee (if any is appointed) and subject to Bankruptcy Court approval, is the highest and best offer submitted at the Auction from among the Qualifying Bidders and the Stalking Horse Bidder (the "**Successful Bid**"). The bidder submitting such Successful Bid shall become the "**Successful Bidder**," and shall have such rights and responsibilities of the Stalking Horse Bidder, as set forth in the applicable Modified APA. Within twenty days after the conclusion of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of Auction shall not be considered by the Bankruptcy Court.

The Debtor reserves the right, as it may determine to be in the best interests of its estate, in consultation with the Creditors' Committee (if any is appointed), to: (a) determine which bidders are Qualifying Bidders, except that the Stalking Horse Bidder (or any other designee of Norsk Tillitsmann ASA) is deemed a Qualifying Bidder for all purposes; (b) determine which bids are Qualifying Bids, except that the APA is deemed a Qualifying Bid for all purposes; (c) determine which Qualifying Bid or Qualifying Bids (including a Qualifying Bid for a portion of the Debtor's Assets) is the highest and best proposal and which is the next highest and best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures Order or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) extend the deadlines set forth herein; (f) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (g) modify the Bidding Procedures as it may determine to be in the best interests of its estate or to withdraw the Motion at any time with or without prejudice. For example, the Debtor reserves the right to conduct the Auction by sealed bids.

### III. THE SALE HEARING

The Successful Bid (or the Stalking Horse Bid, if no Qualifying Bid other than that of the Stalking Horse Bidder is received and accepted) will be subject to approval by the Bankruptcy Court. The hearing to approve the sale of the Assets, or any portion thereof, to the Successful Bidder (the "**Sale Hearing**") will take place on **April 22, 2010, at 9:45 a.m. (ET)**, or at such time thereafter as counsel may be heard, in the United States Bankruptcy Court for the Southern District of New York. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

### IV. ACCEPTANCE OF SUCCESSFUL BID

If an Auction is conducted, the Stalking Horse Bidder or the Qualifying Bidder with the next highest and best Qualifying Bid at the Auction, as determined by the Debtor in the exercise of its business judgment and in consultation with the Creditors' Committee (if any is appointed), shall be required to serve as a Back-Up Bidder (the "**Back-Up Bidder**") and, subject to the Right of Inspection, keep such bid open and irrevocable until forty-eight (48) hours after the closing of the Sale with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtor will be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Bankruptcy Court.

**EXHIBIT 2**

**SALE NOTICE**

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Scott Cargill, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Remedial (Cyprus) Public Company Ltd., | Case No. 10-10782 (REG) |
| Debtor. | |

## NOTICE OF SALE OF ASSETS AT AUCTION

PLEASE TAKE NOTICE OF THE FOLLOWING:

Pursuant to the Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (I) Approving Bidding Procedures; (II) Scheduling Auction And Sale Hearing; and (III) Granting Related Relief (the "**Bidding Procedures Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on March ___, 2010, the above-captioned debtor and debtor-in-possession (the "**Debtor**") is offering substantially all of its assets (the "**Assets**") for sale. Capitalized terms used

but not otherwise defined in this notice shall have the meanings ascribed to them in the Bidding Procedures.  A copy of the Bidding Procedures is attached hereto as Exhibit 1.

All interested parties are invited to make an offer to purchase the Assets, or any portion thereof, in accordance with the terms and conditions approved by the Bankruptcy Court (the "**Bidding Procedures**").  Pursuant to the Bidding Procedures, the Debtor may conduct an auction for the Assets, or any portion thereof, (the "**Auction**") beginning at 12:00 p.m. on **April 12, 2010** at the offices of Lowenstein Sandler PC, 1251 Avenue of the Americas, 18th Floor, New York, New York 10022.

Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order.

The Debtor has accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.  Following the Auction, if conducted, the Debtor shall determine the Successful Bidder and the next highest and best Qualifying Bid required to serve as a back-up bidder (the "**Back-up Bidder**"), which shall be required to keep such bid open and irrevocable until forty-eight hours following the scheduled closing of the Sale with the Successful Bidder.  Notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a bid by a Qualifying Bidder, the Good Faith Deposits of all bidders will be retained by the Debtor until forty-eight hours following the closing of the Sale (the "**Return Date**"); provided, however, that if the Debtor determines not to sell the Assets, the Good Faith Deposits of all Qualifying Bidders will be returned by the Debtor within 48 hours of the Auction.  Upon failure to consummate the sale of the Assets, or any portion thereof, because of a breach or failure on the part of the Successful Bidder, the Debtor will be authorized to, but not required, to consummate the Sale with the Back-up Bidder. On the Return Date, the Debtor will return the Good Faith Deposits of all Qualifying Bidders, except the Successful Bidder.

A hearing to approve the Sale of the Assets, or any portion thereof, to the highest and best bidder will be held on **April 22, 2010 at 9:45 a.m. (prevailing Eastern time)** at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

Room 621, New York, New York 10004, before the Honorable Robert E. Gerber, United States Bankruptcy Judge. The hearing on the Sale may be adjourned without notice other than an adjournment in open court.

This notice is qualified in its entirety by the Bidding Procedures Order.

**LOWENSTEIN SANDLER PC**

/s/
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Scott Cargill, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor in Possession*

Dated: March __, 2010
       New York, New York

# EXHIBIT 3

# ASSIGNMENT NOTICE

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Scott Cargill, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Remedial (Cyprus) Public Company Ltd., | Case No. 10-10782 (REG) |
| Debtor. | |

### NOTICE OF ASSIGNMENT AND CURE AMOUNTS WITH RESPECT TO EXECUTORYCONTRACTS AND UNEXPIRED LEASES

PLEASE TAKE NOTICE THAT:

Pursuant to the Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (I) Approving Bidding Procedures; (II) Scheduling Auction And Sale Hearing; and (III) Granting Related Relief (the "**Bidding Procedures Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on March ___, 2010, the above-captioned debtor and debtor-in-possession (the

"**Debtor**") has accepted the bid of the Stalking Horse Bidder, subject to higher and better offers, for the purchase of substantially all of the Debtor's assets (the "**Assets**"). The terms of the bid are set forth in the Asset Purchase Agreement, dated as of March __, 2010 between the Debtor and the Stalking Horse Bidder (the "**APA**"). Capitalized terms used but not otherwise defined in this notice shall have the meaning ascribed to them in the Bidding Procedures Order.

The Debtor will seek to assume and assign the contracts and leases listed on Exhibit 1 hereto (the "**Assumed Contracts**") at the hearing to be held at 9:45 a.m. (prevailing Eastern time) on **April 22, 2010** (the "**Sale Hearing**") before the Honorable Robert E. Gerber, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 621, New York, New York 10004.

On the Closing Date, or as soon thereafter as reasonably practicable, the Debtor will pay the undisputed cure amounts that the Debtor believes must be paid to cure all prepetition defaults under the Assumed Contracts, as set forth on Exhibit 1 (the "**Prepetition Cure Amount**"). The Debtor's records reflect that all post-petition amounts owing under each Assumed Contract have been paid and will continue to be paid until the assumption and assignment of each Assumed Contract and that, other than the Cure Amount, there are no other defaults under any Assumed Contract.

Any objection to: (i) the assumption and assignment of any Assumed Contract; or (ii) to the Prepetition Cure Amount (an "**Assignment Objection**") must: (a) be in writing, (b) state with specificity the asserted objection, including appropriate documentation for any disputed Cure Amount, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, (e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (f) be submitted in hard-copy form directly to the chambers of the Honorable Robert E. Gerber, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 621, New York, New York 10004, and (g) be served no later than 4:00 p.m. (prevailing Eastern time) **three (3) days before the Sale Hearing upon** (a) Debtor's counsel, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Kenneth A. Rosen, Esq., John K. Sherwood, Esq. and Scott Cargill, Esq.; (b) counsel to the Creditors' Committee (if any is appointed); (c) counsel to Norsk Tillitsmann ASA, Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022, Attn.: Steven Wilamowsky, Esq. and Erin K. Mautner, Esq.; and (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Attn: Paul Schwartzberg, Esq.

If an Assignment Objection is timely filed, a hearing with respect to the Assignment Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 621, New York, New York 10004, at the Sale Hearing or such date and time as the Court may schedule.

If no Assignment Objection is timely received, the Prepetition Cure Amount set forth in the Assignment Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the nondebtor party to the Assumed Contract shall be forever barred from asserting any other claims against the Debtor, the Successful Bidder, or the property of either of them, as to such Assumed Contract. The failure of any objecting person or entity to timely file an Assignment Objection shall also be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the sale of the Assets, or the Debtor's consummation and performance of the Agreement (including the transfer of the Assets and the Assumed Contracts free and clear of all Liens and Claims), if authorized by the Court.

The inclusion of any Assumed Contract in the Assignment Notice shall not constitute an assumption by the Debtor of any such Assumed Contract, nor shall it constitute an admission or a waiver with respect to the Debtor's right to assume or reject any such Assumed Contract.

Prior to the Closing Date, the Debtor may amend its decision with respect to the assumption and assignment of the Assumed Contracts and provide a new notice amending the information provided in this Notice.

**LOWENSTEIN SANDLER PC**

/s/
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Scott Cargill, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor in Possession*

Dated: March __, 2010
    New York, New York